**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL A. LAMIA,<br><br>Plaintiff,<br><br>v.<br><br>THE BOROUGH OF PLUM t/d/b/a Borough of Plum, Plum Boro, Plum Borough; ZONING HEARING BOARD OF PLUM BORO; KEVIN FIELDS, Zoning Officer and/or designated Representative of Plum Boro; HEATHER ORAVITZ, Building Code Official of Plum Boro; and DAVID A. SOBOSLAY, Assistant Manager of Plum Boro, in their Individual and/or Official Capacities,<br><br>Defendants. | : | CIVIL ACTION<br><br>Case No.: 2:22-cv-1035 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants, The Borough of Plum, Zoning Hearing Board of Plum Boro, Kevin Fields, Heather Oravitz, and David A. Soboslay ("**Defendants**"), respectfully notify this court that they have removed the above-captioned action from the Court of Common Pleas of Allegheny County, Pennsylvania, Case No. G.D. 22-007991, to the United States District Court for the Western District of Pennsylvania. The grounds for removal are as follows:

1. This action is being removed to the United States District Court for the Western District of Pennsylvania based upon original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a).

2. On June 24, 2022, Plaintiff, Michael Lamia ("**Plaintiff**"), commenced this civil action by filing a Civil Action Complaint against Defendants in the Court of Common Pleas of Allegheny County, Pennsylvania. A copy of the Civil Action Complaint is attached hereto and incorporated by reference as **Exhibit "1."**

3. The case is styled *MICHAEL A. LAMIA, Plaintiff v. THE BOROUGH OF PLUM t/d/b/a Borough of Plum, Plum Boro, Plum Borough; ZONING HEARING BOARD OF PLUM BORO; KEVIN FIELDS, Zoning Officer and/or designated Representative of Plum Boro; HEATHER ORAVITZ, Building Code Official of Plum Boro; and DAVID A. SOBOSLAY, Assistant Manager of Plum Boro, in their Individual and/or Official Capacities*, *Defendants*, Docket No. G.D. 22-007991.

4. On June 28, 2022, Defendants, were served with the Complaint. A copy of the Affidavit of Service and Acceptance of Service are attached as **Exhibit "2."**

5. On July 14, 2022, the undersigned counsel entered his appearance on behalf of Defendants. A copy of the Praecipe for Entry of Appearance is attached hereto and incorporated by reference as **Exhibit "3."**

6. This court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a) because Plaintiffs bring claims arising under the laws of the United States.

7. Specifically, Plaintiff pleads:

a. facts in "violation of the **4th Amendment to the United States Constitution**…" *See* Ex. 1, ¶ 22 (emphasis added);

b. facts that he was denied "due process and equal protection of the law rising to the level of a constructive and/or regulatory taking in violation of the **5th, 8th and 14th Amendments to the United States Constitution**…" *See* Ex. 1, ¶ 35 (emphasis added);

c. facts that he "has not been provided any avenue to challenge Defendant's wrongdoing…which is also a violation of the **1st, 4th, 5th, 6th and 14th Amendments to the United States Constitution**…" *See* Ex. 1, ¶ 36 (emphasis added);

d. facts that Defendants "impaired or impeded a contract of a rental until or property sale without just compensation in violation of the **5th and 14th Amendments to the United States Constitution**…" *See* Ex. 1, ¶ 37 (emphasis added);

e. facts that Defendants "willfully, wantonly, intentionally and deliberately committed an error of law, abused [their] discretion, violated **Mr. Lamia's constitutional rights**…" *See* Ex. 1, ¶ 54 (emphasis added);

f. facts that Defendants caused Plaintiff to "expend significant sums of money on legal expenses and his requirement to hire an attorney, suffering additional losses, from a willful, wanton, intentional and deliberate **constructive and regulatory taking of his residence and property**…" *See* Ex. 1, ¶ 58 (emphasis added);

g. facts that Defendants "have a mandatory duty under all **federal…laws**…to issue occupancy." *See* Ex. 1, ¶ 62 (emphasis added);

h. causes of action at Count III, "Constitutional Violations and Constructive or Regulatory Taking Without Just Compensation," pursuant to the "**United States Constitution**[], specifically, the **1st, 4th, 5th, 6th, 8th, and 14th Amendments**…" *See* Ex. 1, p. 18 and p. 19, ¶ 88 (emphasis added);

i. causes of action at Count IV, "Abuse of Process," that "Defendant[s'] conduct in this regard is a perversion or a cause not authorized by the **constitutions or laws of the United States**…" *See* Ex. 1, p. 19 and p. 19, ¶ 95 (emphasis added);

j. requested relief "to declare that the actions, inaction, errors, omissions and commissions of the Defendant[s] in this matter…are unconstitutional on their face or violated his **constitutional rights under the United States…Constitution**[]." *See* Ex. 1, ¶ 105 (emphasis added); and

k. requested relief "to enjoin Defendant[s'] from violating his constitutional rights under…the **United States…Constitution**[]." *See* Ex. 1, ¶ 108 (emphasis added);

8. This court has original jurisdiction over Plaintiff' federal claims without consideration of the amount in controversy and without regard to the citizenship of the parties.

9. This court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to the extent Plaintiffs' Complaint purports to state claims arising under, *Mandamus at Count I*, and the *Municipal Code and Ordinance Compliance Act 133 of 2016 at Count II*, because the state law claims are so related to the federal claims that they form part of the same case or controversy.

10. Pursuant to 20 U.S.C. § 1441(a), the United States District Court for the Western District of Pennsylvania is the federal district court for the district embracing the place where the state court suite is pending.

11. Removal of this action is proper under 28 U.S.C. §§ 1331 and 1441(a).

12. In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal is being contemporaneously filed with the Court of Common Pleas of Allegheny County, Pennsylvania, and served upon Plaintiffs' counsel. A copy of the Notice of Filing of Notice of Removal (excluding exhibits) is attached hereto and incorporated by reference as **Exhibit "4."**

13. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process and pleadings filed in the state court action are attached as Exhibits "1" through "4," and to Defendants' knowledge, Plaintiffs have neither filed or served any other pleadings or papers with the Court of Common Pleas of Allegheny County, Pennsylvania, and that there are no matters pending in the state court action requiring resolution.

14. By this Notice of Removal, Defendants do not waive any objections they may have to service, personal jurisdiction, or venue, or any other defenses or objections it may have to this action.

15. Further, Defendants intend no admission of fact, law, or liability by this Notice of Removal and reserves all defenses, motions, and/or pleas.

16. Based upon the foregoing, Defendants respectfully pray it is entitled to have this case removed from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania.

WHEREFORE, Defendants, The Borough of Plum, Zoning Hearing Board of Plum Boro, Kevin Fields, Heather Oravitz, and David A. Soboslay, pray that the above-captioned matter be removed from the Court of Common Pleas of Allegheny County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania.

Respectfully Submitted,

**DILLON MCCANDLESS KING COULTER & GRAHAM, LLP**

Dated: July 18, 2020

By: /s/ Jordan P. Shuber

Jordan P. Shuber
PA. I.D. No. 317823
128 West Cunningham St.
Butler, PA 16001
jshuber@dmkcg.com

*Counsel for Defendants, The Borough of Plum, Zoning Hearing Board of Plum Boro, Kevin Fields, Heather Oravitz, and David A. Soboslay*

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Jordan P. Shuber, Esquire

Signature: /s/ Jordan P. Shuber

Name: Jordan P. Shuber, Esquire

Attorney No.: 317823
*(if applicable)*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing **Notice of Removal** has been served upon all other parties at the address below this 18th day of July, 2022, via email:

Louis J. Kroeck, IV, Esquire
LJK LAW, PLLC
1200 Sarah Street
Pittsburgh, PA 15203
lou@ljk-law.com

/s/ Jordan P. Shuber
Jordan P. Shuber