IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL A. LAMIA,<br><br>        Plaintiff,<br><br>  vs.<br><br>THE BOROUGH OF PLUM t/d/b/a BOROUGH OF PLUM, PLUM BORO, PLUM BOROUGH; ZONING HEARING BOARD OF PLUM BORO; KEVIN FIELDS, ZONING OFFICER and/or DESGNATED REPRESENTATIVE OF PLUM BORO; HEATHER ORAVITZ, BUILDING CODE OFFICIAL OF PLUM BORO; and DAVID A. SOBOSLAY, ASSISTANT MANAGER OF PLUM BORO, in their Individual and/or Official Capacities,<br><br>        Defendants. | ) <br> ) No. 22-cv-1035-RJC <br> ) <br> ) <br> ) Judge Robert J. Colville <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION

Robert J. Colville, United States District Judge

    Before the Court is Plaintiff Michael A. Lamia's (hereinafter "Mr. Lamia") Motion to Remand pursuant to 28 U.S.C. § 1447(c) and/or (d) (ECF No. 7), Defendants' Motion to Dismiss pursuant to Fed. R. of Civ. Pro. 12(b)(6) (ECF No. 10), and Mr. Lamia's Motion to Stay Defendants' Motion to Dismiss (ECF No. 12). Mr. Lamia's Motion to Remand and Motion to Stay have been fully briefed and are ripe for disposition.

    **I.**    **Factual Background & Procedural History**

    The present action was originally filed in the Court of Common Pleas of Allegheny County on June 24, 2022, at Civil Division GD22-007991. This action was removed to this Court on July 18, 2022. Notice of Removal, ECF No. 1. Mr. Lamia seeks redress for violations of the 1st, 4th,

1

5th, 6th, 8th, and 14th Amendments to the U.S. Constitution, violations of numerous sections of the Pennsylvania Constitution, and violations of the Pennsylvania Municipal Code and Ordinance Compliance Act 68 P.S. § 1081, *et seq.* Mr. Lamia's allegations arise from the failure of Defendants to grant or deny Mr. Lamia's request for an occupancy permit for his property under 68 P.S. § 1081, *et seq.* Compl. ¶ 33. Mr. Lamia further alleges that Defendants' failure to issue this occupancy permit prevented him from renting and/or selling his property, deprived him of due process and equal protection, and rose to the level of a constructive and/or regulatory taking. *Id.* at ¶ 35. Lastly, Mr. Lamia alleges that he was provided no opportunity to challenge or appeal Defendants' decision to not grant or deny the occupancy permit. *Id.* at ¶¶ 26, 28.

## II. Discussion

### A. Motion to Remand

Here, the basis for removal was federal question jurisdiction, as noted in the Notice of Removal. (ECF No. 1). In that Notice, Defendants averred this Court has original jurisdiction over Mr. Lamia's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1441(a) and supplemental (pendent) jurisdiction over Mr. Lamia's state law claims pursuant to 28 U.S.C. § 1367. *Id.* Mr. Lamia now moves to remand this action to state court pursuant to 28 U.S.C. § 1447(c) and/or (d) on the basis that the Court lacks jurisdiction over Mr. Lamia's writ of mandamus claim and that the federal claims are ancillary and supplemental to the state law claims. Pl. Mot. to Remand, ¶¶ 6, 8, ECF No. 7. In the alternative, Mr. Lamia argues the Court should abstain from exercising jurisdiction over this matter. *Id.* at ¶¶ 8-13.

#### 1. *The Court's Jurisdiction*

Section 1441(a) reads in relevant part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have

2

> original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Under 28 U.S.C. § 1441(c)(1):
> If a civil action includes (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

In addition to § 1441(c), remand is also appropriate under § 1447(c) if the removal was procedurally defective or if the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

In *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 784–85 (3d Cir. 1995), the Third Circuit explained that under § 1441(a), unless otherwise barred by Congress, any civil action brought in a state court over which a federal district court would have original jurisdiction may be removed by the defendant to a district court. This would include both federal question and diversity cases as well as the miscellaneous federal jurisdiction cases.

Here, Mr. Lamia's state court action includes claims under the 1st, 4th, 5th, 6th, 8th, and 14th Amendments to the U.S. Constitution, *see* Compl. ¶¶ 22, 35-37, 88, 105, over which the Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. Mr. Lamia's state court action also includes state law claims arising out of the same events and circumstances, over which the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

As to Mr. Lamia's argument that the Court lacks jurisdiction over his writ of mandamus claim, the Court is not persuaded by this argument. While it is true that the Court does not have original jurisdiction to issue a writ of mandamus against a state officer, *see In re Wolenski*, 324 F.2d 309, 309 (3d Cir. 1963), it is not true that the Court cannot exercise supplemental jurisdiction over Mr. Lamia's writ of mandamus claim. *See Mosely v. City of Pittsburgh Public School Dist.*,

civil action no. 07-1560, 2008 WL 2224888, at *3-4 (W.D. Pa. May 27, 2008) (where this Court denied a plaintiff's motion for remand where the complaint contained a cause of action for mandamus relief against a school district). The "general principle [that a federal court lacks jurisdiction to issue a writ of mandamus to a state official] does not apply to claims arising under state law." *See Harrison v. Jefferson Parish School Board*, 502 F.Supp.3d 1088, 1102 (E.D. La. 2020). "When a federal court . . . hears state law pendent claims, it acts as any other court of the state, and can issue writs that the state courts are empowered to grant." *Id.* Therefore, the Court has subject matter jurisdiction over Mr. Lamia's claims, and this action was properly removed from state court under § 1441(a). As such, remand is not appropriate under § 1447(c).

> Thus, § 1441(c) provides for removal or remand *only* where the federal question claims are "separate and independent" from the state law claims with which they are joined in the complaint. However, where there is a single injury to plaintiff for which relief is sought, arising from an interrelated series of events or transactions, there is no separate or independent claim or cause of action under § 1441(c). *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). Suits involving pendent (now "supplemental") state claims that "derive from a common nucleus of operative fact", *see United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), do not fall within the scope of § 1441(c), since pendent claims are not "separate and independent." *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 354, 108 S.Ct. 614, 621, 98 L.Ed.2d 720 (1988).
>
> It is apparent, then, that "§ 1441(c) grants the district court only a limited authority to remand a case." *Kabealo v. Davis*, 829 F. Supp. 923, 926 (S.D. Ohio 1993) (citing to *Buchner v. F.D.I.C.*, 981 F.2d 816 (5th Cir.1993)).

*Borough of W. Mifflin*, 45 F.3d at 786.

A fair reading of the Complaint leads to the conclusion that the state law claims are neither ancillary nor incidental to the federal claims, and the state law claims do not substantially predominate the federal claims such that 28 U.S.C. § 1367(c)(2) should apply at this junction. *Id.* at 789.

### 2. *Abstention*

Moreover, the Court is unpersuaded by Mr. Lamia's arguments as to why the Court should abstain from exercising its jurisdiction. First, Mr. Lamia argues remand is appropriate under *Railroad Commission of Texas v. Pullman*, 312 U.S. 496 (1941), because his Complaint raises uncertain issues of state law. Under *Pullman*, the Court must "determine whether three special circumstances exist: (1) Uncertain issues of state law underlying the federal constitutional claims brough in federal court; (2) State law issues amendable to a state court interpretation that would obviate the need for, or substantially narrow, the scope of adjudication of the constitutional claims; [and] (3) A federal court's erroneous construction of state law would be disruptive of important state polices." *Chez Sez III Corp. v. Township of Union*, 945 F.2d 628, 631 (3d Cir. 1991). If all three circumstances exist, then it is within the Courts discretion to determine if remand is appropriate. *Id.*

Mr. Lamia argues that 68 P.S. § 1081, *et seq.* is an Act that has not been construed or interpreted by the Pennsylvania Appellate Court. Pl. Reply Br. 5, ECF No. 13. Mr. Lamia further argues that if the state court determines there was no violation of 68 P.S. § 1081, *et seq.*, then no Constitutional claims would exist. The Court does not find that a resolution of Mr. Lamia's state law claim under 68 P.S. § 1081, *et seq.* would obviate the need to adjudicate Mr. Lamia's Constitutional claims under the second *Pullman* factor.

Mr. Lamia's Constitutional claims allege he was deprived of due process and equal protection and was subjected to an improper taking when Defendants did not approve or deny his occupancy permit. Compl. ¶¶ 35, 68. Mr. Lamia further argues that because Defendants failed to deny his occupancy permit, he was provided no opportunity to appeal Defendants' decision. *Id.* at ¶ 35, 38. Lastly, Mr. Lamia argues he was denied his right of petition and/or fair process because

he was provided no avenue to challenge Defendants' wrongdoing. *Id.* at ¶ 36. Mr. Lamia further raises additional Constitutional issues under Plum Boro Zoning Ordinance 916-17 as amended by 932-18 §§ 1113-1115. *Id.* at ¶¶ 51-54. Mr. Lamia alleges that he attempted to appeal the occupancy permit issues to the Board under this ordinance, but the Board denied his appeal in violation of his Constitutional rights. *Id.*

Based on a fair reading of Mr. Lamia's Complaint, the Court finds there is no basis to determine that Mr. Lamia's federal constitutional claims would be eliminated or even substantially narrowed if the Court were to abstain. Mr. Lamia alleges several reasons as to why his constitutional rights were violated, including Defendants' failure to grant or deny his occupancy permit, Defendants' failure to provide him an ability to appeal, and Defendants' failure to provide him with a fair process to challenge their decisions. For these reasons, the Court finds that whether or not a state court were to hold that Defendants did or did not violate 68 P.S. § 1081, *et seq.*, would not obviate the need to adjudicate Mr. Lamia's federal constitutional claims or substantially limit the scope of those claims. Therefore, the second *Pullman* factor is not satisfied. Because the second *Pullman* factor is not satisfied, the Court need not consider factors one and two because all three factors must be present for the Court to abstain.

Second, Mr. Lamia argues the Court should abstain under *Younger v. Harris*, 401 U.S. 37 (1971), because there are ongoing state proceedings that can appropriately adjudicate Mr. Lamia's claims. Pl. Motion to Remand ¶ 10, ECF No. 7. Under *Younger*, abstention is appropriate "when federal litigation threatens to interfere with one of three classes of cases: (1) state criminal prosecutions, (2) state civil enforcement proceedings, and (3) state civil proceedings involving orders in furtherance of the state court's judicial function." *ACRA Turf Club, LLC v. Zanzuccki*, 748 F.3d 127, 138 (3d Cir. 2014) (citing *Sprint Comm., Inc. v. Jacobs*, 571 U.S. 69, 78 (2013)).

Here, Mr. Lamia alleges his mandamus cause of action is a state civil enforcement proceeding which requires the Court to abstain from exercising jurisdiction over this matter. Pl. Motion to Remand ¶ 11. However, under *Younger*, there must be a *separate* pending case outside of the one before this Court in order for the Court to abstain. Therefore, *Younger* does not apply and the Court will not abstain on this ground.

Finally, Mr. Lamia argues the Court should abstain from exercising its jurisdiction under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Under *Colorado*, in order for the Court to abstain, there must be a parallel state or federal action. *See Kelly v. Maxum Specialty Insurance Group*, 868 F.3d 274, 285 (3d Cir. 2017). Again, Mr. Lamia has not identified any pending state or federal action that could be considered parallel to this action. Instead, it appears Mr. Lamia is arguing it would be inappropriate for the Court to sever and remand only the state law claims because it would then create parallel proceedings. Pl. Reply Br. 9. However, this is not the appropriate analysis under *Colorado* and Mr. Lamia has not established that the Court should abstain under *Colorado*.

Based on the reasons above, the Court finds that it has original and supplemental jurisdiction over Mr. Lamia's federal and state law claims and there is no reason for the Court to abstain from exercising its jurisdiction over Mr. Lamia's claims.

**B. Motion to Stay**

Mr. Lamia also filed a Motion to Stay Defendants' Motion to Dismiss pending resolution of Mr. Lamia's Motion for Remand. (ECF No. 12). In light of the instant ruling on Mr. Lamia's Motion to Remand, Mr. Lamia's Motion to Stay is denied as moot. The Court will set a briefing schedule for Defendants' Motion to Dismiss.

### III.   Conclusion

For the reasons discussed above, the Court will deny Mr. Lamia's Motion to Remand. The Court will further deny Mr. Lamia's Motion to Stay as moot and set a briefing schedule for Defendants' Motion to Dismiss. An appropriate Order of Court follows.

BY THE COURT:

*/s/ Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: March 13, 2023

cc: All counsel of record