# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL A. LAMIA | CIVIL ACTION |
| Plaintiff, | Case No.: 2:22-cv-01035-RJC |
| v. | *Electronically Filed and Served* |
| THE BOROUGH OF PLUM t/d/b/a Borough of Plum, Plum Boro, Plum Borough; ZONING HEARING BOARD OF PLUM BORO; KEVIN FIELDS, Zoning Officer and/or designated Representative of Plum Boro; HEATHER ORAVITZ, Building Code Official of Plum Boro; and DAVID A. SOBOSLAY, Assistant Manager of Plum Boro, in their Individual and/or Official Capacities, | The Hon. Robert J. Colville |
| Defendants. | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Defendants, the Borough of Plum, Zoning Hearing Board of Plum Boro, Kevin Fields, Heather Oravitz, and David A. Soboslay ("**Defendants**"), by and through their undersigned counsel, submit this Response in Opposition to Plaintiff's, Michael A. Lamia ("**Plaintiff**"), "Motion for Temporary Restraining Order and Preliminary Injunction Pursuant to Fed.R.Civ.P. 65" (the "**Injunction**") (ECF 18)[1] and states as follows:

1. Denied. Plaintiff failed to exhaust his administrative remedies despite the Borough outlining the steps necessary for him to do so. *See* Declaration of Michael Thomas, ¶ 11.

2. This paragraph refers to a writing; however, by further answer, the Borough has consistently denied Plaintiff's request for an occupancy permit based upon his failure to bring the

---

[1] On May 22, 2023, the Court entered an Order (ECF 20) considering Plaintiff's request "as seeking preliminary injunctive relief under Rule 65(a)." Accordingly, Defendants submit this Response in the same context.

1

property at 103 McJunkin Road, Pittsburgh, PA 15239 (the "**Property**") into compliance with local Borough ordinance and zoning requirements pursuant to 68 P.S. § 1082.1. By further answer, Plaintiff has failed to bring the Property into compliance since February 22, 2017. *See* ECF 18-11 and 18-12.

3. Denied. Plaintiff has failed to remediate the Property since February 22, 2017. *See* ECF 18-11 and 18-12. Additionally, Plaintiff will not suffer irreparable harm if the property is not sold. To the contrary, Plaintiff has received an increased offer on the home for $260,000 from the original offer of $202,000 despite not bringing the Property into compliance. Plaintiff could be compensated for monetary damages if the sale of the Property does not go through, although, if he sells the Property at an increased amount those monetary damages may be mitigated.

4. Admitted in part and denied in part. It is only admitted that Plaintiff has sought two occupancy permits for the Property; however, it is denied that the Borough in any way acted improperly by denying the permits. To the contrary, Plaintiff has failed to bring the Property into compliance since February 22, 2017. *See* ECF 18-11 and 18-12.

5. Denied. Plaintiff misstates both law and fact. To the contrary, 68 P.S. § 1082.1 allows the Borough to deny an occupancy permit if at least one substantial violation on the Property is found. By further answer, Plaintiff simply refuses to bring his Property into compliance with Defendants' ordinances and zoning requirements, and his actions constitute a willful disregard for the same.

6. Denied. Plaintiff misstates both law and fact. To the contrary, 68 P.S. § 1082.1 allows the Borough to deny an occupancy permit if at least one substantial violation on the Property is found. By further answer, Plaintiff simply refuses to bring his Property into compliance with

Defendants' ordinances and zoning requirements, and his actions constitute a willful disregard for the same.

7. This paragraph refers to writings to which no response is necessary.

8. Denied. Mr. Lamia failed to file the appeal in the proper forum. As a result, the Borough denied the appeal based upon, *inter alia*, a lack of jurisdiction. *See* ECF 18-10, ¶ 11.

9. Denied. By further answer, Plaintiff's assertion that no substantial violation exists flatly ignores the issues surrounding his Property that have existed since February 22, 2017. *See* ECF 18-11 and 18-12.

10. Denied. Mr. Lamia has failed to exhaust the administrative remedies available to him. By further answer, Mr. Lamia failed to file his appeal in the proper forum despite the Borough outlining the steps necessary for him to do so. *See* Declaration of Michael Thomas, ¶ 11; *See also* ECF 18-10, ¶ 11.

11. Denied. This paragraph is a conclusion of law to which no response is required. By further answer, the Borough has discretion to deny an occupancy permit if there is a substantial violation on the Property, which exists here. *See* 68 P.S. § 1082.1; *See also S. End Enters. v. City of York*, 913 A.2d 354, 360 (Pa. Commw. Ct. 2006), "[w]here the governmental action sought involves the exercise of discretion, the court may direct the agency to do the act ***but may never direct the exercise of discretion in a particular way***."

12. Denied. This paragraph is a conclusion of law to which no response is required. By further answer, the occupancy permit was denied because there have been substantial violations on the Property since February 22, 2017. *See* ECF 18-11 and 18-12.

13. Denied. This paragraph is a conclusion of law to which no response is required. By further answer, the occupancy permit was denied because there have been substantial violations on the Property since February 22, 2017. *See* ECF 18-11 and 18-12.

14. Denied. This paragraph is a conclusion of law to which no response is required. By further answer, the occupancy permit was denied because there have been substantial violations on the Property since February 22, 2017. *See* ECF 18-11 and 18-12.

15. Denied. This paragraph is a conclusion of law to which no response is required. By further answer, the occupancy permit was denied because there have been substantial violations on the Property since February 22, 2017. *See* ECF 18-11 and 18-12.

16. Admitted in part and denied in part. It is only admitted that Plaintiff has sought two occupancy permits for the Property; however, it is denied that the Borough in any way acted improperly by denying the permits. To the contrary, Plaintiff has failed to bring the Property into compliance since February 22, 2017. *See* ECF 18-11 and 18-12.

17. This document refers to a writing; however, it should be noted that the Sales Agreement is dated April 15, 2023, and Plaintiff filed the Injunction over a month after the Sales Agreement was signed. It should also be noted that the Sales Agreement is for an increased purchase price than the Sales Agreement complained of in the underlying litigation mitigating Plaintiff's claim for damages in the underlying case impacting his recovery on the merits.

18. Denied. By further answer, this paragraph is irrelevant to the Injunction because the prospective buyers are not parties to this case.

19. Denied. This paragraph is a conclusion of law to which no response is required. By further answer, the occupancy permit was denied because there have been substantial violations on the Property since February 22, 2017. *See* ECF 18-11 and 18-12.

20. Denied. By further answer, this paragraph is not supported by any evidence available to the Court to consider with the Injunction, and Plaintiff agreed on the record that an evidentiary hearing was unnecessary.

21. Denied. This paragraph is a conclusion of law to which no response is required. By further answer, the occupancy permit was denied because there have been substantial violations on the Property since February 22, 2017. *See* ECF 18-11 and 18-12. By further answer, Plaintiff agreed on the record that the Injunction only related to Count II of his underlying Complaint in this case, which does not impact any constitutional claim.

22. Denied. By further answer, this paragraph is not supported by any evidence available to the Court to consider with the Injunction, and Plaintiff agreed on the record that an evidentiary hearing was unnecessary.

23. Denied. This paragraph is a conclusion of law to which no response is required. By further answer, the occupancy permit was denied because there have been substantial violations on the Property since February 22, 2017. *See* ECF 18-11 and 18-12. By further answer, Plaintiff agreed on the record that the Injunction only related to Count II of his underlying Complaint in this case, which does not impact any constitutional claim.

24. Denied. By further answer, Plaintiff is capable of being compensated by monetary damages. *See e.g., Goadby v. Philadelphia Elec. Co.*, 639 F.2d 117, 122 (3d Cir. 1981).

For the reasons stated above, and as more fully set forth in the Declaration of Michael Thomas and Defendants' Brief in Opposition to Plaintiff's Request for Injunction, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction Pursuant to Fed.R.Civ.P. 65 must be denied.

Respectfully Submitted,

**DILLON MCCANDLESS KING COULTER & GRAHAM, LLP**

By: /s/ Jordan P. Shuber
    Jordan P. Shuber
    PA. I.D. No. 317823
    128 West Cunningham St.
    Butler, PA 16001
    jshuber@dmkcg.com

*Counsel for Defendants, The Borough of Plum, Zoning Hearing Board of Plum Boro, Kevin Fields, Heather Oravitz, and David A. Soboslay*