DocuSign Envelope ID: 5087038C-2095-4B0E-B11D-91D4A35BE774

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL A. LAMIA | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | Case No.: 2:22-cv-01035-RJC |
| | : | |
| v. | : | *Electronically Filed and Served* |
| | : | |
| THE BOROUGH OF PLUM t/d/b/a Borough | : | The Hon. Robert J. Colville |
| of Plum, Plum Boro, Plum Borough; | : | |
| ZONING HEARING BOARD OF PLUM | : | |
| BORO; KEVIN FIELDS, Zoning Officer | : | |
| and/or designated Representative of Plum | : | |
| Boro; HEATHER ORAVITZ, Building Code | : | |
| Official of Plum Boro; and DAVID A. | : | |
| SOBOSLAY, Assistant Manager of Plum | : | |
| Boro, in their Individual and/or Official | : | |
| Capacities, | : | |
| | : | |
| Defendants. | : | |

## DECLARATION OF MICHAEL THOMAS

I, Michael Thomas, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that:

1.      I am a citizen of the United States.

2.      I currently serve as the Borough Manager for the Borough of Plum.

3.      In my capacity as Borough Manager, I am familiar with the facts of the above-captioned case.

4.      In my capacity as Borough Manager, I am also the direct supervisor of Defendants, David A. Soboslay, Assistant Borough Manager, Kevin Fields, Zoning Officer, and Heather Oravitz, Building Code Official.

5.      In my capacity as Borough Manager, I am familiar with the February 22, 2017, letter sent to Michael and Karen Lamia, detailing the substantial violations related to the Property in this litigation located at 103 McJunkin Road, Pittsburgh, PA 15239. *See* ECF 18-11.

DocuSign Envelope ID: 5087038C-2095-4B0E-B11D-91D4A35BE774

6.      In my capacity as Borough Manager, I am familiar with the March 23, 2022, Field Correction Notice issued to Plaintiff, Michael Lamia, detailing the substantial violations related to the Property. *See* ECF 18-12.

7.      Since February 22, 2017, Plaintiff has failed to bring the Property into compliance with Borough ordinances despite repeated attempts from the Borough to require him to do so.

8.      As a result, the Property is not capable of being issued an occupancy permit until the Property is brought into compliance.

9.      Plaintiff's most recent request for occupancy has been denied based upon the same reasons as the first denial because the Property is not in compliance.

10.     These issues are specifically outlined in a May 12, 2022, letter to Mr. David Soboslay from the Borough Engineer, Harold McCutcheon. A copy of the letter is attached to this Declaration as Exhibit "1."

11.     In addition to failing to bring the Property into compliance, Plaintiff has failed to exhaust the appeal avenues available to him despite the same being outlined by the Borough.

12.     In this regard, the Borough's solicitor outlined the process available to Plaintiff in specific detail on or about May 20, 2022, via email. A copy of the email is attached to this Declaration as Exhibit "2."

13.     Despite being advised of the appeal process, Plaintiff chose to file the underlying lawsuit without correctly availing himself to an appeal.

14.     Instead, Plaintiff's appeal was dismissed by the Borough Zoning Hearing Board for lack of jurisdiction without any further appeal at the Borough level.

15.     In the instant Injunction, Plaintiff will have the same appeal process available to him if the Injunction is denied.

DocuSign Envelope ID: 5087038C-2095-4B0E-B11D-91D4A35BE774

16.     If an Injunction is to be issued, the Borough estimates approximately $64,000 will

be needed to cover the cost of remediation; therefore, a bond at 1.5 times (1.5x) the remediation

estimate would be approximately $96,000.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: <u>May 24, 2023</u>                    By: _____
                                                                  Michael Thomas
                                                                  Borough Manager

**KU Resources, Inc.**
Innovative Solutions, Outstanding Support.

www.kuresources.com

May 12, 2022

Mr. David Soboslay
Borough of Plum
4575 New Texas Road
Pittsburgh, PA 15239

Subject:   Evaluation of Fill Placement
            103 McJunkin Road
            Borough of Plum, Allegheny County, Pennsylvania

Dear Mr. Soboslay:

KU Resources, Inc. (KU Resources) appreciates the opportunity to provide our assessment of the property conditions at 103 McJunkin Road in Plum Borough, Pennsylvania (Lot/Block 851-L-25).  I understand that the current owner, Michael A. Lamia has dumped and/or allowed to have dumped materials on his property to expand the usable area of his driveway, and create a storage area for construction materials.  It is my understanding that the work was performed without any approvals from the Borough, and the property owner has been previously cited for this situation.  A site reconnaissance was performed with Borough personnel on May 10, 2022.

There are a number of issues and concerns regarding the work and current condition of the property, as follows:

1.  The fill appears to be inclusive of a number of different materials apparently from construction projects.  While durable materials (bricks, concrete, gravel) are present on the surface, it is unknown what other materials are present within the mass.  Plastic pipe, pallets, and other such unsuitable elements are present on the surface, and may also have been disposed of within the fill mass.

2.  It is unclear where this material has been collected from.  While concrete, brick, asphalt, and similar materials are considered "clean fill" under the Pennsylvania Department of Environmental Protection's Management of Fill Policy, the accompanying soils and aggregate do not have such a classification.  This policy has been in place since at least August of 2010, and any fill materials brought to the property would need to conform to the procedures and requirements.  This would potentially include testing for chemical constituents at prescribed intervals.

3.  In addition, as these materials are construction and demolition debris generated from offsite projects and not from the residential property itself, there could be violations of the Pennsylvania Solid Waste Management Act with respect to disposal of construction and demolition debris.

4.  It does not appear that the land area was properly prepared to receive the fill soils, including the removal of topsoil/vegetative growth layer of the area.  This creates a structurally weak area beneath the fill that could result in future instability of the mass.

5.  Likewise, the fill appears to have been spread around existing trees and root systems in the area, which may have been incorporated into the fill mass and/or left in place when trees were cut down (and are now laying in the valley beneath.  Future deterioration of wood could result in the formation of depressions within the and could result in future instability of the mass.

"EXHIBIT 1"

Mr. David Soboslay
Evaluation of Fill Placement
103 McJunkin Road
May 13, 2022
Page 2

6. The fill appears to have been end dumped from the top, extending the sloping edge outward from the deposition area over time. This indicates that there was no keyway constructed for the fill. Standard practice would dictate that a keyway excavated 6 feet into the subsurface with a 10 foot base width should have been installed to support the approximately 20 foot high slope that is present. This could result in future instability of the mass.

7. Further, end dumping of the materials indicates that the fill was not placed in a controlled manner and compacted. There could be significant voids present, such as around pieces of concrete, that could collapse and create depressions and dangerous conditions.

8. The dumping of the fill has resulted in the creation of a steep slope along the leading edge, which is covered with oversize concrete pieces (see the photograph below). The presence of these rough-edged elements set at various angles creates a danger to future occupants and visitors to the property. These pieces also have the potential to tumble further down the slope (as has been observed), which presents an additional and greater danger to the occupants and visitors.





Mr. David Soboslay
Evaluation of Fill Placement
103 McJunkin Road
May 13, 2022
Page 3

9. The property owner failed to follow the requirements of the Grading Ordinance, including but not limited to:

   a. Placement of an estimated 1,800 CY of material without obtaining a permit for such activities;
   b. Exceeding allowable fill slope configuration of 2H:1V;
   c. Failure to provide and implement a grading plan conforming with acceptable fill placement practices; and,
   d. Failure to provide proper geotechnical engineering support verifying a stability of the fill slope equal to exceeding a factor of safety of 1.5.

10. Failure to install proper erosion control elements per the Pennsylvania Department of Environmental Protection, Chapter 102 regulations for land disturbance less than 5,000 SF. Measures are to be implemented, but no written plan or permit is required.

11. Possible encroachment of fill and disturbance onto a neighboring property (Lot/Block 851-L-31, 416 Center New Texas Road) according to the Allegheny County GIS Mapping on the Real Estate Portal.

12. Performing and/or allowing the performance of commercial activity (dumping and material storage) on residential property.

Due to these conditions and violations, we recommend that the Zoning Board does not provide the relief being requested.  Rather, Mr. Lamia should be required to obtain the necessary approvals from and provide the following information to the Borough:

- Submit an application for a Grading Permit inclusive of all historical fill placement activities, including date of initial placement;

- Present a Grading Plan for reconfiguration of the placed fill to show conformance with the Grading Ordinance of Plum Borough;

- Provide a geotechnical investigation of the contents of the placed fill, utilizing test pits and photographs to identify and describe the conditions;

- Install appropriate erosion controls prior to commencing any grading activities;

- Remove trees and stumps from the fill area, and dispose of at a tree service or mulching facility;

- Remove any deleterious materials identified in the fill mass, and disposed this material at an appropriate facility, licensed and/or permitted as required;

- Provide a survey of the property and limits of fill placement (including wood debris pushed into the valley) to determine if fill placement activities have crossed legal boundaries.  Where this has occurred, remove this material from the subject area(s) in accordance with the Grading Ordinance, including any setback requirements as appropriate.  Revegetate the areas to establish an acceptable growth (70% coverage) per PADEP standards.



Mr. David Soboslay
Evaluation of Fill Placement
103 McJunkin Road
May 13, 2022
Page 4

- Ensure that large concrete pieces are properly placed to avoid the creation of voids and unstable conditions.  Such durable materials, including brick and other similar elements, should be covered with at least 2 feet of soil material on slopes or aggregate surfacing on the flat portions of the fill, if desired.

- Revegetate the soil cover areas to establish an acceptable growth (70% coverage) per PADEP standards.  Where necessary on slopes, employ erosion control blankets or matting to promote successful vegetative growth.

If you have any questions about site conditions or the content of this letter, please contact our office at your earliest convenience.

Respectfully submitted,



Harold McCutcheon
Chief Engineer



**Subject:** Re: Lamia ZHB Appeal

**Date:** Friday, May 20, 2022 at 4:12:54 PM Eastern Daylight Time

**From:** Dayne Dice

**To:** Louis Kroeck

Louis,

It's not the most typical situation, but it's what is contemplated by Ordinance 321.

Thanks,
Dayne F. Dice, Esquire

Bruce E. Dice & Associates, P.C.
787 Pine Valley Drive
Suite E
Pittsburgh, PA 15239
(724) 733-3080

On 5/19/22, 2:58 PM, "Louis Kroeck" <lou@ljk-law.com> wrote:

   Thanks Dayne, I meant that if the ZHB didn't have jurisdiction I
   wasn't sure how to get this in front of the right folks at Plum. Will
   council be totally caught off guard if we try to appeal an occupancy
   permit denial?

   On Thu, May 19, 2022 at 2:50 PM Dayne Dice <ddice@dicelaw.com> wrote:
   >
   > Louis,
   >
   >       Appeals from the ZHB would never go before Council. I'd say that you could simply submit a form explaining
   your reasons for appealing the decision of the Borough to the Borough Manager and/or Assistant Borough Manager.
   From there the matter could be scheduled before Council.
   >
   > Thanks,
   > Dayne F. Dice, Esquire
   >
   > Bruce E. Dice & Associates, P.C.
   > 787 Pine Valley Drive
   > Suite E
   > Pittsburgh, PA 15239
   > (724) 733-3080
   >
   > -----Original Message-----
   > From: Louis Kroeck <lou@ljk-law.com>
   > Sent: Thursday, May 19, 2022 11:29 AM
   > To: Dayne Dice <ddice@dicelaw.com>
   > Subject: Re: Lamia ZHB Appeal
   >
   > What is the mechanism for appealing to Council though Dayne? I can't see any way to do that other than through
   the zoning board.
   >
   > On Thu, May 19, 2022 at 10:56 AM Dayne Dice <ddice@dicelaw.com> wrote:

> >
> > Louis,
> >
> >        On page 8 of the attached Ord. 321, an appeal to Council and an appeal to the Court of Common Pleas is discussed. Also, I've attached the grading permit docs submitted by your client. Please let me know if there are any questions or concerns.
> >
> > Thanks,
> > Dayne F. Dice, Esquire
> >
> > Bruce E. Dice & Associates, P.C.
> > 787 Pine Valley Drive
> > Suite E
> > Pittsburgh, PA 15239
> > (724) 733-3080
> >
> > -----Original Message-----
> > From: Louis Kroeck <lou@ljk-law.com>
> > Sent: Thursday, May 19, 2022 10:47 AM
> > To: Dayne Dice <ddice@dicelaw.com>; Warner Mariani
> > <wmariani@pwlawinc.com>
> > Subject: Re: Lamia ZHB Appeal
> >
> > Good morning Dayne and Warner,
> >
> > I do not see a mechanism to make an appeal to Borough Council, that's why I believed that the Zoning Board was my appropriate venue. Are you able to kindly provide me with any guidance here? Thank you.
> >
> > -Lou Kroeck
> >
> > On Wed, May 18, 2022 at 1:23 PM Dayne Dice <ddice@dicelaw.com> wrote:
> > >
> > > The Zoning Officer was not involved in this case, and issued no letters/notices/etc. All notices were sent by the Code Enforcement Officer and/or Planning Director. Under Article XII Section 1205 of the Zoning Ordinance 916-17, the ZHB lacks jurisdiction. If an occupancy permit had been withheld due to zoning violations, then jurisdiction would be proper. Regardless, I will appear tonight to make this argument.
> > >
> > > Thanks,
> > > Dayne F. Dice, Esquire
> > >
> > > Bruce E. Dice & Associates, P.C.
> > > 787 Pine Valley Drive
> > > Suite E
> > > Pittsburgh, PA 15239
> > > (724) 733-3080
> > >
> > > -----Original Message-----
> > > From: Louis Kroeck <lou@ljk-law.com>
> > > Sent: Wednesday, May 18, 2022 12:54 PM
> > > To: Warner Mariani <wmariani@pwlawinc.com>
> > > Cc: Dayne Dice <ddice@dicelaw.com>
> > > Subject: Re: Lamia ZHB Appeal
> > >
> > > We are planning to appear tonight to present our case. Again, we believe we have jurisdiction as occupancy is

being withheld at the behest of a zoning agent's representative which is contemplated under Ordinance 916-16 Section 1109. Section 1205 contemplates appeals where an officer has failed to follow prescribed procedures. The procedure in the grading code would be to fine my client, not to withhold occupancy.

> > >

> > > Is there a particular room we should appear at at 4575 New Texas Road this evening?

> > >

> > > On Wed, May 18, 2022 at 11:30 AM Warner Mariani <wmariani@pwlawinc.com> wrote:

> > > >

> > > > The ZHB should not be involved in this matter; it has no jurisdiction. The ZHB cannot consent to jurisdiction because under #321 council would hear a direct appeal from the denial.

> > > >

> > > >

> > > >

> > > > Warner Mariani

> > > >

> > > > Poerio & Walter, Inc.

> > > >

> > > > 411 7th Avenue, Suite 1400

> > > >

> > > > Pittsburgh, PA 15219

> > > >

> > > >

> > > >

> > > > 412.246.2028

> > > >

> > > >

> > > >

> > > > Harrisburg Office

> > > >

> > > >

> > > >

> > > > 25 N. Front Street

> > > >

> > > > Harrisburg, PA 17101

> > > >

> > > > 717-724-0331 phone

> > > >

> > > > 717-724-0332 fax

> > > >

> > > >

> > > >

> > > >

> > > >

> > > >

> > > >

> > > > From: Louis Kroeck <lou@ljk-law.com>

> > > > Date: Wednesday, May 18, 2022 at 11:22 AM

> > > > To: Warner Mariani <wmariani@pwlawinc.com>

> > > > Cc: Dayne Dice <ddice@dicelaw.com>

> > > > Subject: Re: Lamia ZHB Appeal

> > > >

> > > > Dayne has agreed to try and work this out, but if we cannot he

> > > > believes I should file at Common Pleas.

> > > >

> > > > On Wed, May 18, 2022 at 11:20 AM Warner Mariani <wmariani@pwlawinc.com> wrote:
> > > > >
> > > > > Who is forcing you to file an appeal to the Court of Common Pleas?
> > > > >
> > > > >
> > > > >
> > > > > Warner Mariani
> > > > >
> > > > > Poerio & Walter, Inc.
> > > > >
> > > > > 411 7th Avenue, Suite 1400
> > > > >
> > > > > Pittsburgh, PA 15219
> > > > >
> > > > >
> > > > >
> > > > > 412.246.2028
> > > > >
> > > > >
> > > > >
> > > > > Harrisburg Office
> > > > >
> > > > >
> > > > >
> > > > > 25 N. Front Street
> > > > >
> > > > > Harrisburg, PA 17101
> > > > >
> > > > > 717-724-0331 phone
> > > > >
> > > > > 717-724-0332 fax
> > > > >
> > > > >
> > > > >
> > > > >
> > > > >
> > > > >
> > > > > From: Louis Kroeck <lou@ljk-law.com>
> > > > > Date: Wednesday, May 18, 2022 at 11:15 AM
> > > > > To: Warner Mariani <wmariani@pwlawinc.com>
> > > > > Cc: Dayne Dice <ddice@dicelaw.com>
> > > > > Subject: Re: Lamia ZHB Appeal
> > > > >
> > > > > So I can advise my client today, if we withdraw our appeal to
> > > > > the Zoning Board will you both agree to waive any jurisdictional
> > > > > issues if we are forced to file in Common Pleas?
> > > > >
> > > > > On Wed, May 18, 2022 at 11:00 AM Warner Mariani <wmariani@pwlawinc.com> wrote:
> > > > > >
> > > > > > Lou:
> > > > > >
> > > > > > The ZHB hears and decides appeals where it is alleged that the Zoning Officer has failed to follow
> prescribed procedures or has misapplied or misapplied any provision of a zoning ordinance. Ordinance #321 is

not a zoning ordinance and Kevin Fields is not a zoning officer.

> > > > > >

> > > > > > You are correct that under #321 jurisdiction is given to the Borough (via council). The ZHB is not the Borough. That is why Dayne represents them, and I represent the ZHB.

> > > > > >

> > > > > >

> > > > > >

> > > > > >

> > > > > >

> > > > > >

> > > > > >

> > > > > > Warner Mariani

> > > > > >

> > > > > > Poerio & Walter, Inc.

> > > > > >

> > > > > > 411 7th Avenue, Suite 1400

> > > > > >

> > > > > > Pittsburgh, PA 15219

> > > > > >

> > > > > >

> > > > > >

> > > > > > 412.246.2028

> > > > > >

> > > > > >

> > > > > >

> > > > > > Harrisburg Office

> > > > > >

> > > > > >

> > > > > >

> > > > > > 25 N. Front Street

> > > > > >

> > > > > > Harrisburg, PA 17101

> > > > > >

> > > > > > 717-724-0331 phone

> > > > > >

> > > > > > 717-724-0332 fax

> > > > > >

> > > > > >

> > > > > >

> > > > > >

> > > > > >

> > > > > >

> > > > > > From: Dayne Dice <ddice@dicelaw.com>

> > > > > > Date: Wednesday, May 18, 2022 at 10:30 AM

> > > > > > To: Louis Kroeck <lou@ljk-law.com>

> > > > > > Cc: Warner Mariani <wmariani@pwlawinc.com>

> > > > > > Subject: RE: Lamia ZHB Appeal

> > > > > >

> > > > > > Attorney Kroeck,

> > > > > >

> > > > > >          Grading is handled by Ordinance 321 (attached hereto). This Grading Ordinance does not implicate the MPC or zoning, and therefore the Zoning Hearing Board lacks jurisdiction. Also, please note the "Appeals" section in the attached.

> > > > >
> > > > > Thanks,
> > > > > Dayne F. Dice, Esquire
> > > > >
> > > > > Bruce E. Dice & Associates, P.C.
> > > > > 787 Pine Valley Drive
> > > > > Suite E
> > > > > Pittsburgh, PA 15239
> > > > > (724) 733-3080
> > > > >
> > > > > -----Original Message-----
> > > > > From: Louis Kroeck <lou@ljk-law.com>
> > > > > Sent: Wednesday, May 18, 2022 10:21 AM
> > > > > To: Dayne Dice <ddice@dicelaw.com>
> > > > > Cc: Warner Mariani <wmariani@pwlawinc.com>
> > > > > Subject: Re: Lamia ZHB Appeal
> > > > >
> > > > > Hi Warner,
> > > > >
> > > > > What I'm not following here is that the occupancy permit was denied based on violations for failure to obtain a grading permit under section 321 which would explicitly give jurisdiction to the Borough.
> > > > > Is there some other body within the Borough that would hear this type of appeal?
> > > > >
> > > > > On Wed, May 18, 2022 at 9:58 AM Dayne Dice <ddice@dicelaw.com> wrote:
> > > > > >
> > > > > > Thank you very much for the quick response.
> > > > > >
> > > > > >
> > > > > >
> > > > > > Thanks,
> > > > > >
> > > > > > Dayne F. Dice, Esquire
> > > > > >
> > > > > > Bruce E. Dice & Associates, P.C.
> > > > > >
> > > > > > 787 Pine Valley Drive
> > > > > >
> > > > > > Suite E
> > > > > >
> > > > > > Pittsburgh, PA 15239
> > > > > >
> > > > > > (724) 733-3080
> > > > > >
> > > > > >
> > > > > >
> > > > > > From: Warner Mariani <wmariani@pwlawinc.com>
> > > > > > Sent: Wednesday, May 18, 2022 9:49 AM
> > > > > > To: Dayne Dice <ddice@dicelaw.com>; lou@ljk-law.com
> > > > > > Subject: Re: Lamia ZHB Appeal
> > > > > >
> > > > > >
> > > > > > Under Article 9, Section 2, of Ordinance #321, I will be advising the ZHB that it has no jurisdiction in this matter. I provided Atty. Kroeck a copy of the Ordinance earlier this week.

> > > > > >
> > > > > >
> > > > > >
> > > > > >
> > > > > >
> > > > > > Warner Mariani
> > > > > >
> > > > > > Poerio & Walter, Inc.
> > > > > >
> > > > > > 411 7th Avenue, Suite 1400
> > > > > >
> > > > > > Pittsburgh, PA 15219
> > > > > >
> > > > > >
> > > > > >
> > > > > > 412.246.2028
> > > > > >
> > > > > >
> > > > > >
> > > > > > Harrisburg Office
> > > > > >
> > > > > >
> > > > > >
> > > > > > 25 N. Front Street
> > > > > >
> > > > > > Harrisburg, PA 17101
> > > > > >
> > > > > > 717-724-0331 phone
> > > > > >
> > > > > > 717-724-0332 fax
> > > > > >
> > > > > >
> > > > > >
> > > > > >
> > > > > >
> > > > > >
> > > > > >
> > > > > > From: Dayne Dice <ddice@dicelaw.com>
> > > > > > Date: Wednesday, May 18, 2022 at 9:44 AM
> > > > > > To: Warner Mariani <wmariani@pwlawinc.com>, lou@ljk-law.com
> > > > > > <lou@ljk-law.com>
> > > > > > Subject: Lamia ZHB Appeal
> > > > > >
> > > > > > Attorney Mariani & Attorney Kroeck,
> > > > > >
> > > > > >
> > > > > >
> > > > > >         I've reviewed the attached matter regarding Mr. Lamia that will be heard before the Zoning
Hearing Board tonight. After review, I do not see how the Municipalities Planning Code, and therefore zoning,
is implicated. Thusly, I will be arguing that the ZHB is not the proper venue for this matter to be heard. I'd therefore
request the matter be removed prior to the hearing. However, I am fine making this argument tonight as well.
> > > > > >
> > > > > >
> > > > > >

> > > > > > Thanks,
> > > > > > >
> > > > > > > Dayne F. Dice, Esquire
> > > > > > >
> > > > > > > Bruce E. Dice & Associates, P.C.
> > > > > > >
> > > > > > > 787 Pine Valley Drive
> > > > > > >
> > > > > > > Suite E
> > > > > > >
> > > > > > > Pittsburgh, PA 15239
> > > > > > >
> > > > > > > (724) 733-3080
> > > > > >
> > > > > >
> > > > > >
> > > > > > --
> > > > > > Louis J. Kroeck IV
> > > > > > Please note our recent change of address:
> > > > > >
> > > > > > LJK LAW PLLC
> > > > > > 412-712-7605
> > > > > > 1200 Sarah St.
> > > > > > Pittsburgh, PA 15203
> > > > >
> > > > >
> > > > >
> > > > > --
> > > > > Louis J. Kroeck IV
> > > > > Please note our recent change of address:
> > > > >
> > > > > LJK LAW PLLC
> > > > > 412-712-7605
> > > > > 1200 Sarah St.
> > > > > Pittsburgh, PA 15203
> > > >
> > > >
> > > >
> > > > --
> > > > Louis J. Kroeck IV
> > > > Please note our recent change of address:
> > > >
> > > > LJK LAW PLLC
> > > > 412-712-7605
> > > > 1200 Sarah St.
> > > > Pittsburgh, PA 15203
> > >
> > >
> > >
> > > --
> > > Louis J. Kroeck IV
> > > Please note our recent change of address:
> > >
> > > LJK LAW PLLC

> > > 412-712-7605
> > > 1200 Sarah St.
> > > Pittsburgh, PA 15203
> >
> >
> >
> > --
> > Louis J. Kroeck IV
> > Please note our recent change of address:
> >
> > LJK LAW PLLC
> > 412-712-7605
> > 1200 Sarah St.
> > Pittsburgh, PA 15203
>
>
>
> --
> Louis J. Kroeck IV
> Please note our recent change of address:
>
> LJK LAW PLLC
> 412-712-7605
> 1200 Sarah St.
> Pittsburgh, PA 15203


--
Louis J. Kroeck IV
Please note our recent change of address:

LJK LAW PLLC
412-712-7605
1200 Sarah St.
Pittsburgh, PA 15203