IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL A. LAMIA | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | Case No.: 2:22-cv-01035-RJC |
| | : | |
| v. | : | *Electronically Filed and Served* |
| | : | |
| THE BOROUGH OF PLUM t/d/b/a Borough of Plum, Plum Boro, Plum Borough; ZONING HEARING BOARD OF PLUM BORO; KEVIN FIELDS, Zoning Officer and/or designated Representative of Plum Boro; HEATHER ORAVITZ, Building Code Official of Plum Boro; and DAVID A. SOBOSLAY, Assistant Manager of Plum Boro, in their Individual and/or Official Capacities, | : : : : : : : : : : | The Hon. Robert J. Colville |
| Defendants. | : | |

**DEFENDANTS' BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Defendants, the Borough of Plum, Zoning Hearing Board of Plum Boro, Kevin Fields, Heather Oravitz, and David A. Soboslay ("**Defendants**"), by and through their undersigned counsel, submit this Brief in Opposition to Plaintiff's, Michael A. Lamia ("**Plaintiff**"), "Motion for Temporary Restraining Order and Preliminary Injunction Pursuant to Fed.R.Civ.P. 65" (the "**Injunction**") (ECF 18)[1] and states as follows:

---

[1] On May 22, 2023, the Court entered an Order (ECF 20) considering Plaintiff's request "as seeking preliminary injunctive relief under Rule 65(a)." Accordingly, Defendants submit this Response in the same context.

1

**I.      INTRODUCTION.**

The current state of Plaintiff's Property is clearly outlined in the Borough Engineer, Harold McCutcheon's Report. *See* Thomas Declaration, ¶ 10, Ex. 1. Below is a photo from the Report:



As an initial matter, Plaintiff's Injunction is procedurally deficient because it is a separate and distinct issue from the underlying Complaint. Further, Plaintiff's assertion that the prospective buyers will be prejudiced has no relevance here because they are not parties to the underlying Complaint. *See e.g.* Injunction, ¶ 18 (ECF 18, p. 5).

The Injunction also fails to articulate irreparable harm that cannot be compensated by monetary damages. Instead, the Injunction requests the issuance of an occupancy permit that fundamentally alters the status quo. *See e.g. Acierno v. New Castle Cnty.,* 40 F.3d 645 (3d Cir. 1994).

Additionally, as articulated in Defendants' Motion to Dismiss pending before the Court, there is no "mandatory duty" to issue occupancy permits. To the contrary, any alleged "failure" by Defendants to issue Plaintiff an occupancy permit is a discretionary act pursuant to their authority in the Municipal Code and Ordinance Compliance Act, 68 Pa. Stat. Ann. § 1081, *et seq.* (the "**Act**") and for all the reasons as set forth in Exhibits 3 and 4 to the Complaint. *See* ECF 1-2, pp. 50-59.

Finally, Plaintiff failed to exhaust his administrative remedies because he appealed the denial of the occupancy permit to Defendants' Zoning Hearing Board instead of Defendants' Council. *See* ECF 1-2, p. 69, ¶¶ 5-7.

## II.      LEGAL STANDARD.

The legal standard applicable to the Injunction is set forth in *Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994):

> In order to obtain a preliminary injunction, the moving party must generally show: (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured pendente lite if relief is not granted to prevent a change in the status quo. *Delaware River Port Auth. v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 919-20 (3d Cir. 1974) (quoting *A.L.K. Corp. v. Columbia Pictures Indus., Inc.*, 440 F.2d 761, 763 (3d Cir. 1971)). Moreover, while the burden rests upon the moving party to make these two requisite showings, the district court "should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest." 501 F.2d at 920 (footnote omitted)…

> In general, to show irreparable harm a plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989).

(internal citations omitted).

### III.    ARGUMENT.

#### A. The Injunction Fails to Demonstrate that Plaintiff Will Be Successful on the Merits of Count II of the Underlying Complaint.

Notwithstanding the fact that Plaintiff's Injunction is procedurally improper because he failed to file a new Complaint with the Injunction, Plaintiff has conceded on the record that only Count II is at issue in the Injunction. Plaintiff's Count II is a claim for "Violation of the Municipal Code and Ordinance Compliance Act 133 of 2016." *See* ECF 1-2, p. 16. In Count II, Plaintiff seemingly concedes that there are code violations; but that they are "*de minimus* in nature and do not rise to the level of 'unfit for habitation.'" *Id.* at ¶ 78. Plaintiff also argues that "[t]he term 'unfit for habitation' is more clearly defined to describe homes that are 'dangerous or injurious to the health, safety or physical welfare of an occupant of the occupants of neighboring dwelling." *Id.* at ¶ 79.

The term "unfit for habitation" as defined by the code clearly applies here. In fact, the photo above, and the Engineering Report, clearly demonstrate that the Borough granting an occupancy permit, and allowing any sale to go through on this Property before it is remediated, could create injuries, or be dangerous to the safety or physical welfare of an occupant or the occupants of neighboring dwelling. *See* Declaration of Michael Thomas, Ex. 2.

Further, the plain language of 68 P.S. § 1082.1(a)(3) does not require the Borough to issue an occupancy permit if there is at least one "substantial violation." Here, the Borough has repeatedly advised Plaintiff that there is at least one substantial violation regarding the Property.

*See* ECF 18-11 and 18-12; *See also* Declaration of Michael Thomas, Ex. 2. Accordingly, Plaintiff is unable to demonstrate a clear likelihood of success on the merits.

### B. Plaintiff fails to Demonstrate Irreparable Harm.

The legal requirements to demonstrate irreparable harm are also set forth in *Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994):

> In general, to show irreparable harm a plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). Economic loss does not constitute irreparable harm:
>
> ***It seems clear that the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury***:
>
> The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

*Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994) (citing *Sampson v. Murray*, 415 U.S. 61, 90, 39 L. Ed. 2d 166, 94 S. Ct. 937) (internal citations omitted) (emphasis added).

Here, and as stated on the record, the crux of Plaintiff's argument is that he will suffer a temporary loss of income if the pending sale does not go through; however, what Plaintiff does not contemplate is that once the Property is remediated, he can still sell the Property to another prospective buyer. To be sure, Plaintiff has already experienced this, to a certain degree, in that this most recent pending offer is for an increased amount than the first pending offer. Theoretically, if the Property is remediated, it should increase the value. Accordingly, Plaintiff is unable to demonstrate irreparable harm.

### C. Plaintiff's Injunction Requests a Change in the Status Quo and is More Harmful to Other Persons.

"A party seeking a mandatory preliminary injunction that will alter the status quo bears a particularly heavy burden in demonstrating its necessity." *Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994) (citing *Punnett v. Carter*, 621 F.2d 578, 582 (3d Cir. 1980)). Here, Plaintiff demonstrates only potential temporary harm if the sale does not go through. Additionally, the Injunction fails to comprehend that if the sale did go through, the prospective buyers would be purchasing a Property that is unfit for habitation and contains substantial violations. Indeed, it would be negligent of the Borough to support the sale of which could become dangerous, or worse. However, notwithstanding the above, Plaintiff certainly has the ability to remediate the Property in order to sell it in a condition that would ultimately be fit for habitation, which is all the Borough has ever required. *See* ECF 18-11 and 18-12. Accordingly, Plaintiff is unable that he is seeking the status quo and that there would be more harm to him than other persons.

### D. Defendants' Enforcement of their Codes and Ordinances is Within their Discretion.

It is not within the public interest to grant the occupancy permit. Instead, "[m]andamus cannot issue 'to compel performance of a ***discretionary act or to govern the manner of performing [the] required act***." *S. End Enters. v. City of York*, 913 A.2d 354, 360 (Pa. Commw. Ct. 2006) (citing *Volunteer Firemen's Relief Assn. v. Minehart*, 415 Pa. 305, 309, 203 A.2d 476, 479 (1964)).

"Where the governmental action sought involves the exercise of discretion, the court may direct the agency to do the act ***but may never direct the exercise of discretion in a particular way***." *Id.* at 360 (citing *Matesic v. Maleski*, 624 A.2d 776, 778 (1993)). (emphasis added). "Moreover, ***mandamus will not lie to compel a revision of the decision resulting from such exercise of discretion***, though in fact, the decision may be wrong." *Id.* (citing *Anderson v. City of Philadelphia*, 36 A.2d 442, 444 (1944) (emphasis added). "Where the action sought to be

compelled is discretionary, mandamus will not lie to control that discretionary act, ... but courts will review the exercise of the actor's discretion where it is arbitrary or fraudulently exercised or is based upon a mistaken view of the law." *Cty. of Fulton v. Sec'y of the Commonwealth,* 276 A.3d 846 (Pa. Cmwlth. 2022) (quoting *Pennsylvania State Association of County Commissioners v. Commonwealth*, 681 A.2d 699, 701-02 (1996)).

Here, the issuance of the occupancy permit was subject to Defendants' discretion, and there is no argument available to Plaintiff to cure this fact. To be clear, the Act states:

> **(a) General rule.—** A municipality requiring a use and occupancy certificate shall issue the certificate in the following manner:
>
> **(1)** If the municipal inspection reveals no violations.
>
> **(2)** If the municipal inspection reveals at least one violation, but no substantial violations, the municipality shall issue a temporary use and occupancy certificate.
>
> **(3)** If the municipal inspection reveals at least one substantial violation, the municipality shall specifically note those items on the inspection report and shall issue a temporary access certificate.

68 Pa. Stat. Ann. § 1082.1. Although the Plaintiff disagrees with Defendants' denial of the occupancy permits, they acted within their discretion to issue the denials. Plaintiff "***may never direct the exercise of discretion in a particular way***," and "***mandamus will not lie to compel a revision of the decision resulting from such exercise of discretion***." *See S. End Enterprises,* 913 A.2d 354, 355. (emphasis added).

## IV.     CONCLUSION.

Here, Plaintiff does not meet the necessary requirements for the Court to issue and Injunction. To the contrary, issuing the Injunction would set a precedent, at least in the Borough of Plum, that the Property can be sold in an uninhabitable condition, which would be potentially dangerous to prospective buyers of homes within the Borough. For the reasons stated above, and

as more fully set forth in the Declaration of Michael Thomas and Defendants' Response in Opposition to Plaintiff's Request for Injunction, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction Pursuant to Fed.R.Civ.P. 65 must be denied.

          Respectfully Submitted,

          **DILLON MCCANDLESS KING COULTER & GRAHAM, LLP**

          By: /s/ Jordan P. Shuber
              Jordan P. Shuber
              PA. I.D. No. 317823
              128 West Cunningham St.
              Butler, PA 16001
              jshuber@dmkcg.com

*Counsel for Defendants, The Borough of Plum, Zoning Hearing Board of Plum Boro, Kevin Fields, Heather Oravitz, and David A. Soboslay*