## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL A. LAMIA,             )
                                      )  No. 2:22-cv-1035-RJC
        Plaintiff,          )
                                        )
      vs.                    )  Judge Robert J. Colville
                                        )
THE BOROUGH OF PLUM t/d/b/a   )
BOROUGH OF PLUM, PLUM BORO,   )
PLUM BOROUGH; ZONING HEARING   )
BOARD OF PLUM BORO; KEVIN FIELDS,   )
ZONING OFFICER and/or DESGNATED   )
REPRESENTATIVE OF PLUM BORO;   )
HEATHER ORAVITZ, BUILDING CODE
OFFICIAL OF PLUM BORO; and DAVID A.
SOBOSLAY, ASSISTANT MANAGER OF
PLUM BORO, in their Individual and/or
Official Capacities,

        Defendants.

## MEMORANDUM OPINION

Robert J. Colville, United States District Judge

      Before the Court is Defendants' Partial Motion to Dismiss pursuant to Fed. R. of Civ. Pro. 12(b)(6) (ECF No. 10) and the Brief in support (ECF No. 11). Plaintiff, Michael Lamia (hereinafter "Mr. Lamia"), filed his Brief in Opposition (ECF No. 16) and Defendants filed their Reply Brief (ECF No. 17). The Partial Motion to Dismiss has been fully briefed and is ripe for disposition.

### I.    Factual Background & Procedural History

      The present action was originally filed in the Court of Common Pleas of Allegheny County on June 24, 2022, at Civil Division GD22-007991. This action was removed to this Court on July 18, 2022. Notice of Removal, ECF No. 1. Mr. Lamia's Complaint includes a request for a writ of

mandamus (Count I), alleges violations of the Pennsylvania Municipal Code and Ordinance Compliance Act (Count II), alleges federal constitutional violations under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments and Article I and V (Count III), and alleges a claim of abuse of process (Count IV). *See* Compl., ECF No. 1.   Mr. Lamia's allegations arise from the failure of Defendants to grant or deny Mr. Lamia's request for an occupancy permit for his property under 68 Pa. § 1081, *et seq*.  Compl. ¶ 33.  Mr. Lamia further alleges that Defendants' failure to issue this occupancy permit prevented him from renting and/or selling his property, deprived him of due process and equal protection, and rose to the level of a constructive and/or regulatory taking. *Id.* at ¶ 35.  Lastly, Mr. Lamia alleges that he was provided no opportunity to challenge or appeal Defendants' decision to not grant or deny the occupancy permit.  *Id.* at ¶¶ 26, 28.

## II.     Legal Standard

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff.  *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).  While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A "formulaic recitation of the elements of a cause of action will not do."  *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)).  "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at

678 (citing *Twombly*, 550 U.S. at 556).  The Supreme Court of the United States has explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing

the sufficiency of a complaint must take three steps."  *Connelly v. Lane Constr. Corp.*, 809 F.3d

780, 787 (3d Cir. 2016).  The court explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675.  Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)).  Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Iqbal*, 556 U.S. at 679.

*Connelly*, 809 F.3d at 787.  "Determining whether a complaint states a plausible claim for relief

will . . . be a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense."  *Iqbal*, 556 U.S. at 679 (internal citations omitted).

In addition to reviewing the facts contained in the complaint, a court may consider "matters

of public record, orders, exhibits attached to the complaint and items appearing in the record of

the case."  *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994).

When a document integral to or relied upon in the complaint is included, the court may also

consider that document.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

### III.    Discussion

Defendants argue that Count I of Mr. Lamia's Complaint should be dismissed.  Count I is a common law writ of mandamus action that requests that the Court compel Defendants to issue an occupancy permit for Mr. Lamia's property pursuant to 68 P.S. § 1082.1.

68 P.S. § 1082.1 provides:

(a) General rule – A municipality requiring a use and occupancy certificate shall issue the certificate in the following manner:

(1) If the municipal inspection reveals no violations.

(2) If the municipal inspection reveals at least one violation, but no substantial violations, the municipality shall issue a temporary use and occupancy certificate.

(3) If the municipal inspection reveals at least one substantial violation, the municipality shall specifically note those items on the inspection report and shall issue a temporary access certificate.

68 P.S. § 1082.1(a).  The statue defines a "substantial violation" as follows:

A violation of an adopted building, housing, property maintenance of fire code or maintenance, health or safety nuisance ordinance that makes a building, structure or any part thereof unfit for human habitation and is discovered during the course of a municipal inspection of a property and disclosed to the record owner or prospective purchaser of the property through issuance of a municipal report.

68 P.S. § 1082.

Specifically, Defendants contend that first, Count I should be dismissed because Mr. Lamia has pled facts that demonstrate Defendants' actions were discretionary and thus do not fall within the sphere of a writ of mandamus which may only compel mandatory actions.  Mot. 5-6.  Second, Defendants argue that Count I should be dismissed because Mr. Lamia has failed to exhaust his administrative remedies.  *Id.* at 8.

4

Mr. Lamia argues that because § 1082.1 contains the word "shall," there is no room for discretion and the issue of the occupancy permit is mandatory.  Resp. 3.  However, Mr. Lamia goes on to state that "[t]here is no discretionary wiggle room in this [statute] as to the issuance of occupancy permits unless there exists a "'substantial violation which renders the property unfit for habitation.'"  *Id.* at 4.  Further, Mr. Lamia argues that he has exhausted his administrative remedies.  *Id.* at 5-7.

Defendants are correct that "it is only where the duty is ministerial and does not involve the exercise of discretion or judgment that mandamus lies."  *Tanebaum v. D'Ascenzo*, 51 A.2d 757, 758 (Pa. 1947).  When the duty at issue involves discretion, "mandamus may only be resorted to for the purpose of compelling the exercise thereof, but not to interfere with the manner in which the discretion shall be exercised."  *Id.* (internal citations omitted).  However, if discretion was not exercised due to "a mistaken view of the law or [] an arbitrary exercise of authority" a writ may be used to compel an official to exercise his or her discretion.  *Id.* (internal citations omitted).  Mr. Lamia does not dispute this standard and, in fact, summarizes this standard in his Complaint.  *See* Compl., ¶¶ 72-76.

At issue here is whether a writ of mandamus can be issued to compel Defendants to grant Mr. Lamia's request for an occupancy permit.  The Court holds that, under the facts as pled by Mr. Lamia, it cannot.  As stated by both parties, it is within Defendants' discretion to determine whether a substantial violation exists on the property.  Further, Mr. Lamia's Complaint clearly alleges that Defendants did not issue an occupancy permit because of the violations that existed on Mr. Lamia's property.  Compl. ¶¶ 29, 33, 41, 50; Compl., Ex. 3-4.  Therefore, the Court finds that a writ of mandamus is not available to correct such a discretionary finding.  It is only when no substantial violation exists, that there is a mandatory duty to issue an occupancy permit.  This

is not the situation the Court it faced with.  Lastly, while Mr. Lamia argues that Defendants were incorrect and that no violations existed on the property, this is a question that is more appropriately resolved under Count II and not by a writ of mandamus.

For these reasons, Count I is dismissed.  The Court will not, at this time, address whether Mr. Lamia has exhausted his administrative remedies as the Court is dismissing Count I on other grounds.[1]

## IV.    Conclusion

For the reasons discussed above, the Court will grant Defendants' Partial Motion to Dismiss with prejudice.  An appropriate Order of the Court will follow.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: September 11, 2023

cc: All counsel of record

---

[1]    Further, the Court finds that there exist questions of law and fact that cannot be resolved at this time. Defendants argue that Mr. Lamia improperly appealed the denial of his occupancy permit to the Zoning Board instead of the Borough of Plum Council.  Mot. 8.  Mr. Lamia raises numerous arguments concerning the appeal process available to him, including what the controlling law is and whether Borough of Plum Ordinances Nos. 321 and 740-5 are preempted by 68 Pa. § 1082.  Resp. 5-7.  Defendants have not responded to these arguments and these arguments extend outside the scope of the motion to dismiss.