**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL A. LAMIA | ) CIVIL ACTION |
| | ) |
| Plaintiff, | ) Case No.: 2:22-cv-01035-RJC |
| | ) |
| v. | ) *Electronically Filed and Served* |
| | ) |
| THE BOROUGH OF PLUM t/d/b/a | ) |
| Borough of Plum, Plum Boro, Plum | ) The Hon. Robert J. Colville |
| Borough; ZONING HEARING BOARD OF | ) |
| PLUM BORO; KEVIN FIELDS, Zoning | ) |
| Officer and/or designated Representative of | ) |
| Plum Boro; and DAVID A. SOBOSLAY, | ) |
| Assistant Manager of Plum Boro, in their | ) |
| Individual and/or Official Capacities, | ) |
| | ) |
| Defendants. | ) |

**JOINT PRE-CONFERENCE STATEMENT**

    a.    **Brief Statement of the Facts of the Case.**

Plaintiff's claims against the Defendants are related to property located in Plum Borough with an address of 103 McJunkin Road, Pittsburgh, Allegheny County, Pennsylvania 15239 (the "Property"). Plaintiff claims that the Defendants prevented him from obtaining an occupancy permit for the Property and that their actions violate his constitutional rights as well as clearly enumerated state law. On the other hand, Defendants contend that the Property was out of compliance with Plum Borough's zoning and local ordinance requirements, which is why the Defendants did not issue the occupancy permit until the Property was brought into compliance.

Plaintiff contends he attempted to sell the Property on two separate occasions and that Plum Borough prevented him from selling the Property. The second attempted sale resulted in a one-day Temporary Restraining Order ("TRO") Hearing before Judge Weigand on May 26, 2023. *See* ECF 26. Judge Weigand denied Plaintiff's request for a TRO. *See* ECF 29. Plaintiff

disputes this characterization of the facts and contends that Plum Borough has systematically violated his constitutional rights by failing to issue the occupancy permit. This factual dispute still exists between the Parties. Further, Plaintiff contends that the property was in the identical condition when he purchased it and that Plum's zoning ordinances have nothing to do with occupancy of the structure on the Property and are therefore in violation of state law.

Recently, in August 2024, after bringing the property into compliance, Defendants issued the occupancy permit which allowed Plaintiff to sell the property for $307,174.50 – more than the first two attempted sales referenced earlier herein. However, the final sale of the property included an additional lot that was not part of the sale during the initial offering as well as several renovations that were completed after the first two sales were thwarted by Plum. Defendants contend that moots Plaintiff's claims. Plaintiff contends he is entitled to delay damages as well as damages stemming from the two sales Plum halted and costs and attorney's fees.

b.      **Brief Statement of the Claims and Defenses.**

Plaintiff contends that Plum Borough has consistently violated his constitutional rights to use the Property by failing to issue an occupancy permit. Defendants contend that their refusal to issue the occupancy permit is justified since the Property is out of compliance with Plum Borough's zoning and local ordinance requirements.

Plaintiff ultimately brought the Property into compliance and sold it. Defendants' position is that moots Plaintiff's claims. Plaintiff claims he is entitled to delay damages as well as damages stemming from the two sales Defendants halted.

**c.** **Brief Statement Regarding the Status of the Exchange of Pertinent Documentation and/or Discovery.**

Fact discovery is possibly complete[1] as the parties have exchanged all requested discovery. Defendants seek to file a Motion for Summary Judgment before expert discovery. Plaintiff intends to also file a Motion for limited Summary Judgment before expert discovery only as to the issue of whether Plum's actions violated well established law.

**d.** **Estimate of the Cost and Time to be Expended for Trial.**

The Parties expect 2-3 days for a trial in this matter. Plaintiff is represented on an hourly basis, and Defendants are represented on an hourly basis at the following rates: $225/hr./partners, $190/hr./associates, and $125/hr./paraprofessionals. Plaintiff intends to call only one expert witness as to the condition of the property.

**e.** **The Relief Sought.**

Plaintiff seeks delay damages and damages stemming from the sales that Plum halted as well as costs and attorney's fees. Defendants intend to file a Motion for Summary Judgment to dismiss Plaintiff's case.

Respectfully Submitted,

**DILLON MCCANDLESS KING COULTER & GRAHAM, LLP**

By: /s/ Jordan P. Shuber
    Jordan P. Shuber
    PA. I.D. No. 317823
    128 West Cunningham St.
    Butler, PA 16001
    jshuber@dmkcg.com

*Counsel for Defendants*

**LJK LAW, PLLC**

By: /s/ Louis J. Kroeck, IV
    Louis J. Kroeck, IV
    PA. I.D. No. 210045
    1200 Sarah Street
    Pittsburgh, PA 15203
    lou@ljk-law.com

*Counsel for Plaintiff*

---

[1] Plaintiff's counsel notes that he was served discovery responses on 10/22/24 and has not had the opportunity to verify that Defendants have provided full and complete responses but will do so prior to the hearing before this Court.